## Hull, Appellant, *v.* Weaver.

*Principal and surety—Discharge of surety—Affidavit of defense.*

Proof by parole that as between two obligors, one was surety only, and that this was known and assented to by the obligee at and before the execution and delivery of the instrument, particularly if it appears that but for such knowledge and assent the surety would not have signed the instrument, lays ground for proof that his rights have been impaired by a subsequent contract between his principal and the obligee whereby the terms of the agreement have been varied essentially by an extension of time or otherwise. By this combined proof an equity is established in favor of the surety, and according to the great weight of authority the circumstances out of which the equity arises may be proved by parole. In Pennsylvania such circumstances may be proved as a defense in an action at law against the surety.

Argued March 7, 1911. Appeal, No. 33, March T., 1911, by plaintiff, from order of C. P. Lackawanna Co., Jan. T., 1910, No. 359, discharging rule for judgment for want of sufficient affidavit of defense in case of William H. Hull v. Mary F. Weaver, executrix of George L. Weaver. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER, and PORTER, JJ. Affirmed.

Assumpsit on a contract.

The facts of the case are stated in the opinion of the Superior Court.

*Error assigned* was the order by EDWARDS, P. J., discharging rule for judgment for want of a sufficient affidavit of defense.

*Charles L. Hawley,* for appellant.

*W. L. Houck* of *Houck & Benjamin,* with him *H. N. Patrick,* for appellee.

OPINION BY RICE, P. J., July 13, 1911:

This action of assumpsit was brought on an agreement,

under seal, between George L. Weaver and William G. Parke, parties of the first part, and William H. Hull, party of the second part. The instrument recites (1) certain prior contracts between Hull and Weaver relative to the sale of three $1,000 bonds and certain shares of stock by Weaver to Hull, in which Weaver agreed to repurchase the bonds and stock at the par value of the bonds, upon the election of Hull to resell them; and (2) written notice by Hull of his election to resell. By the terms of the instrument, following these recitals, Weaver and Parke, in consideration of the premises and $1.00 in hand to each of them paid, agreed to take and pay for the bonds on certain specified dates, and, in case of default in taking and paying for any of the bonds at the date specified, to become liable for and to pay the sum of $3,000 and accrued interest to Hull; and Hull agreed, on the payments being made, to deliver the bonds and stock respectively "as agreed upon by this contract and the other agreements aforesaid." This is not intended to be a complete abstract of the agreement, but it is sufficiently full for present purposes. The statement of claim alleges that Weaver and Parke made default, whereupon they became liable to Hull in the sum of $3,000 and accrued interest; that because of such liability and in partial satisfaction of the same, they paid to him $2,400 and interest up to a certain date; but that, although at all times he had been ready and willing to perform his part of the agreement, Parke and the executrix of Weaver, who has since died, have neglected and refused to pay the balance of $600, with interest, for which this suit was brought. In his amended affidavit of defense, Parke denied that he ever made any payment on account of the agreement, and alleged that the instrument was executed by him as surety to secure the performance, by Weaver, of the contracts therein recited; that he did not receive and was not promised any consideration, valuable or otherwise, for becoming surety; that the plaintiff knew these facts at and before the execution and delivery of the

instrument; "and further," (we quote) "at and before the time of the execution and delivery of said bond or contract, the plaintiff consented that your deponent was and should be surety only, and accepted and approved him as such surety for said Weaver; and your deponent agreed to and did execute said contract on the condition solely that he was to be surety only, and without such condition and inducement known and agreed to by the plaintiff and said Weaver at and before the execution of said bond or contract, your deponent would never have signed or delivered said bond or contract." The remaining allegations of the affidavit relate to a contract subsequently entered into between Weaver and Hull. We need not refer to these allegations or to the terms of that contract, further than to say that if, as between Parke and Hull, the obligation of the former was that of surety only, and is to be so treated in this case, the subsequent contract and transactions between Hull and Weaver, if entered into without the knowledge and assent of Parke, were such as discharged him, upon the principle that any agreement between the principal parties to a contract, which varies essentially its terms, by an extension of time or otherwise, without the assent of the surety, will discharge the latter. See Bensinger v. Wren, 100 Pa. 500; Nesbitt v. Turner, 155 Pa. 429; Robbins v. Robinson, 176 Pa. 341.

We cannot agree that the allegations of the affidavit as to the collateral fact of suretyship contradict or vary the terms of the written instrument. They are entirely consistent with the form of the joint undertaking and, without more, would constitute no defense. The question is whether Parke was discharged by the subsequent action of the obligee, not whether he was bound originally. Proof by parol that, as between two obligors, one was surety only, and that this was known and assented to by the obligee at and before the execution and delivery of the instrument, particularly if it appears that but for such knowledge and assent the surety would not have

signed the instrument, lays ground for proof that his rights have been impaired by a subsequent contract between his principal and the obligee whereby the terms of the agreement have been varied essentially by an extension of time or otherwise. By this combined proof an equity is established in favor of the surety, and, according to the great weight of authority, the circumstances out of which the equity arises may be proved by parol: 27 Am. & Eng. Ency. of Law, 434; 32 Cyc. of Law. & Procedure, 31, 40; 4 Wigmore on Evidence, sec. 2438. In some jurisdictions it has been held that such a defense can only be set up in a court of equity, and therefore in those jurisdictions parol evidence has been held inadmissible in an action at law, but in Pennsylvania, where equitable defenses are cognizable in courts of law, there is no ground for making the distinction. We conclude that the affidavit was sufficient to prevent judgment.

The appeal is dismissed at the costs of the appellant, without prejudice, etc.